IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCO HERRERA, On Behalf of Himself and All Others Similarly Situated, | § § § § § § § § § § § § § | SA-16-CV-00526-FB |
| *Plaintiffs,* | | |
| vs. | | |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | | |
| *Defendant.* | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Unopposed Motion for Approval of Confidential Settlement Agreement [#79]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By their motion, Plaintiffs inform the Court that the parties desire to compromise and settle this lawsuit and ask the Court to approve their confidential settlement agreement and dismiss this case with prejudice. The parties submit for the Court's review a sealed copy of their Settlement Agreement. For the reasons that follow, the undersigned recommends Plaintiff's motion be granted.

**I. Analysis**

On June 7, 2016, Plaintiff Marco Herrera brought this action on behalf of himself and all others similarly situated against Defendant Schlumberger Technology Corporation, a nationwide

1

oil and gas conglomerate, seeking unpaid overtime compensation and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* On April 3, 2017, the Court conditionally certified Plaintiff's lawsuit as a collective action comprised of all cement field specialists employed by Defendant in Texas in the past three years who were paid on a salary plus bonus basis without overtime compensation [#34]. Numerous additional Plaintiffs opted into the lawsuit after conditional certification, and the parties engaged in discovery. On October 24, 2018, the parties informed the Court that they had settled their dispute [#77] and thereafter filed the motion for settlement approval that is the subject of this report and recommendation.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores*, 679 F.3d at 1355). The Fifth Circuit has held that "[n]ot every FLSA settlement requires court approval, however, as 'parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due.'" *Id.* (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012)).

The reach of *Martin* is unclear, as the circumstances in that case involved unique facts—a retroactive evaluation of a previously executed, privately entered FLSA settlement that was negotiated by lawyers prior to any lawsuit being filed. *See id.* Additionally, the parties' dispute in *Martin* concerned the number of hours worked and the rate of pay and not substantive FLSA

2

rights themselves (*e.g.*, whether an employee is exempt). *See id.*; *cf. Bodle v. TXL Mortg. Corp.*, 788 F.3d 159 (5th Cir. 2015) (declining to extend *Martin* to private settlement agreement negotiated during a state-court non-FLSA action). Post *Martin*, some district courts in this Circuit have continued to follow the *Lynn's Foods* approach, and these courts review FLSA settlement agreements for fairness where parties request an ex-ante fairness review of a settlement negotiated during active FLSA litigation. *See, e.g.*, *Cox v. Sunflower Cty. Consol. Sch. Dist.*, No. 4:16-CV-192-DMB-JMV, 2017 WL 3584916, at *2 (N.D. Miss. Aug. 18, 2017); *Abernathy v. Becon Constr. Co.*, No. 1:14-CV-466, 2016 WL 7427024, at *1 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, No. 1:14-CV-466, 2016 WL 7374420 (E.D. Tex. Dec. 20, 2016); *Alaniz*, 2016 WL 6462206, at *1. Given the ambiguity regarding the reach of *Martin*, that the parties are requesting their proposed agreement be reviewed, and that it is still common practice for some district courts in this Circuit to review FLSA settlements, the Court will review the parties' proposed settlement for reasonableness in this case.

The parties assert that the settlement is a fair and reasonable resolution of a bona fide dispute between the parties over wages owed to Plaintiffs. Plaintiffs alleged that Defendant failed to properly pay them overtime compensation by misclassifying them as exempt from the FLSA's overtime requirements. Defendant denied Plaintiffs' allegations and maintained that Plaintiffs were properly characterized as exempt under the executive exemption, the administrative exemption, the highly compensated employee exemption, the Motor Carrier Act exemption, and the combination exemption based upon the primary job duties that they performed and the fact that some of the Plaintiffs earned over $100,000 per year. Defendant also states that it intended to file a motion to decertify the class certified by the Court on the basis that Plaintiffs were not similarly situated so as to qualify for a collective action. Finally, Defendant

3

also contested Plaintiffs' assertion that Defendant acted willfully so as to trigger the longer three-year statute of limitations, and the parties disagreed as to whether Defendant acted in good faith and the application of the FLSA's liquidated damages provision. These contested issues indicate a bona fide dispute among the parties on multiple issues of law; if Defendant prevailed on some or all of these legal points, certain class members would be entitled to far less back wages than they claim they were owed, or even no back wages at all.

The settlement proposed is also fair and reasonable. The settlement agreement was negotiated by able attorneys and reflects an arms' length compromise of the disputed claims. The agreement was signed by the representative Plaintiff, Marco Herrera.

## II. Conclusion and Recommendation

Based on the foregoing, the undersigned finds that the proposed settlement is a fair and reasonable resolution of a bona fide dispute between the parties over wages owed to Plaintiffs. **IT IS THEREFORE RECOMMENDED** that Plaintiff's Unopposed Motion for Approval of Confidential Settlement Agreement [#79] be **GRANTED**.

## III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to

which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of December, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE